THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WALTER J. KINNETT, Defendant-Appellee.

Second District    No. 2—96—0504

Opinion filed April 30, 1997.

Daniel A. Fish, State's Attorney, of Dixon (John X. Breslin and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The State appeals a pretrial ruling excluding the testimony of two corroborating witnesses in an aggravated criminal sexual abuse trial. We affirm.

The defendant, Walter Kinnett, was charged with two counts of aggravated criminal sexual abuse (720 ILCS 5/12—16(c)(1)(i) (West 1994)), in that he knowingly placed the child victim's (hereinafter c.v.'s) hand on his penis and placed his hands on the c.v's buttocks on or about July 4, 1995. The c.v. was eight years old at the time of the alleged incident. The defendant is the c.v.'s paternal stepgrandfather.

Before trial, the State sought to have admitted the corroborating testimony of Geri Hysom, a Department of Children and Family Ser-

vices investigator, and Fran Taylor, the c.v.'s maternal grandmother. The trial court held a hearing in accordance with section 115—10 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115—10 (West 1994)).

At the hearing Hysom provided the following testimony. After a brief introduction on September 6, 1995, Hysom spoke at length with the c.v. on September 7, 1995, at Amboy City Hall. The c.v.'s mother and Police Chief Paul Smith were both present. After asking the c.v. to perform simple tasks such as reciting the ABCs and counting, Hysom determined that the c.v. was developmentally on task for her age. Hysom then discussed the difference between the truth and lies and good and bad touches. When Hysom asked the c.v. why the c.v. thought she was there, the c.v. replied that she was there to talk about grandpa. The c.v. stated that she had told her mother, father, and Grandma Fran about the incidents.

Hysom asked the c.v. to start at the beginning and tell her how it all started. The c.v. stated that she told her Grandma Fran that her grandpa was "doing weird things" like putting her hands on his "winkie" (penis). The c.v. stated that this happened when she slept at Grandma Sissy and grandpa's house. The c.v. stated that she usually slept in the living room but would sleep in grandma and the defendant's bed when she became afraid of the dark. The c.v. also stated that she slept in underpants only, between her grandparents. When everyone was asleep, the defendant would pull his "winkie" out from his underpants and put the c.v.'s hand around it. The c.v. stated that the defendant would pretend to be asleep by closing his eyes, but she knew he was not sleeping because he was not snoring.

When Hysom asked the c.v. when the incidents happened, the c.v. said "a lot" but could not recall specific dates. However, when asked when the last incident occurred, the c.v. replied that it was during the Fourth of July weekend at a campground.

The c.v. also stated that when she had her hand around the defendant's "winkie" her fingers could touch the palm of her hand. But then the defendant's "winkie" got bigger and her fingers could no longer touch the palm of her hand. When Hysom asked if there was any wetness, the c.v. replied that the defendant's "winkie" got "sweaty."

Further, the c.v. told Hysom that if she took her hand away the defendant would put her hand back on his "winkie." The c.v. also stated that, on one or two occasions, the defendant slid his hands down the c.v.'s underpants and put his hands on her buttocks to bring the c.v. closer to him.

In addition, the c.v. told Hysom that she told her Grandma Fran

about the incidents after watching a movie called "The Muffin Man." The c.v. stated that she told Grandma Fran because the movie said that you should not protect people who do something wrong.

Fran Taylor, the c.v.'s maternal grandmother, also testified at the hearing. Taylor stated that during the school year she and the c.v.'s other grandmother each baby-sat part-time. During the summer of 1995, Taylor saw the c.v. mostly on weekends.

One Friday afternoon or evening, sometime after the July 4 weekend, the c.v. watched a movie on television called "The Muffin Man" while Taylor cleaned her home. Shortly after the movie was over, the c.v., who is usually talkative and happy, became quiet and serious. The c.v. then told Taylor that sometimes, when she got in bed with her Grandma Sissy and the defendant, the defendant would put her hand on his "winkie." The c.v. said that "winkie" means penis. Taylor told the c.v. that if this happened again she should wake Grandma Sissy and yell loudly.

The c.v. then told Taylor that the same thing happened in a camper once when she went fishing with the defendant. The c.v. stated that her brother was also on the trip but slept in the car with Grandma Sissy. Taylor told the c.v. to tell her mother about the incidents, but the c.v. asked Taylor to tell her mother instead because the c.v. was too embarrassed.

At the trial the defendant did not object to the competence of the c.v. The c.v. provided the following testimony at the hearing. The c.v. stated that she told Taylor that the defendant had done something bad to her. The c.v. told Taylor because she had watched a movie. The c.v. told Taylor that the defendant put her hand on his "thing." She stated that the incidents occurred at the defendant's house and once in a trailer on July 4, during a fishing trip. However, she also stated that she did not tell Taylor that it happened in a trailer.

The c.v.'s mother testified that the c.v. went camping with the defendant during the summer of 1995 a couple of times, on the weekend either just before or after the Fourth of July.

The trial court ruled that Hysom's statements regarding the incidents that allegedly occurred at the trailer on July 4 were admissible. However, the trial court ruled that both Hysom's and Taylor's statements regarding other acts were inadmissible because they did not fall under the section 115—10 exception to the hearsay rule. The trial court also ruled that Taylor's testimony regarding the trailer incident was inadmissible because it was insufficiently reliable. The trial court reasoned that Taylor's testimony was unreliable because the c.v. denied telling Taylor about the trailer incident. The State then timely filed a certificate of impairment pursuant to Supreme

Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)) and a notice of appeal. Jurisdiction of the appeal of the trial court's order suppressing evidence is appropriate pursuant to Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)).

The State argues that the trial court erroneously excluded corroborative hearsay testimony regarding other acts committed by the defendant against the c.v. During the section 115—10 hearing, Hysom and Taylor testified that the c.v. told them about incidents that occurred in a trailer on the Fourth of July and the defendant's home. The trial court ruled that Hysom and Taylor could testify about the c.v.'s statements regarding the July 4 incident but not about the c.v's statements about other incidents. The State asserts that the testimony regarding the incidents not occurring on July 4 falls within the statutory hearsay exception provided in section 115—10 of the Code of Criminal Procedure of 1963 (725 ILCS 115—10 (West 1994)). The defendant argues that the statements are inadmissible because they concern acts with which the defendant has not been charged. We agree with the defendant.

■ Generally, out-of-court statements offered for the truth of the matter asserted are hearsay statements and, thus, are inadmissible. *Halleck v. Coastal Building Maintenance Co.*, 269 Ill. App. 3d 887, 891 (1995). However section 115—10 of the Code of Criminal Procedure of 1963 (Code) provides an exception to the hearsay rule. Section 115—10(a)(2) of the Code provides:

"(a) In a prosecution for a physical or sexual act perpetrated upon or against a child under the age of 13, *** including but not limited to prosecutions for violations of Sections 12—13 through 12—16 of the Criminal Code of 1961, *** the following evidence shall be admitted as an exception to the hearsay rule:

***

(2) testimony of an out of court statement made by such child *** describing any complaint of such act or matter or detail pertaining to any act which is an element of an offense which is the subject of a prosecution for a sexual or physical act perpetrated upon or against a child ***." 725 ILCS 5/115—10(a)(2) (West 1994).

Thus, the plain language of section 115—10(a)(2) of the Code limits the hearsay "exception to complaints of, or details about, sexual acts which are the subject of a prosecution." *People v. Anderson*, 225 Ill. App. 3d 636, 651 (1992). A trial court's decision to admit hearsay statements pursuant to section 115—10 of the Code (725 ILCS 5/115—10 (West 1994)) will not be disturbed absent an abuse of discretion. *People v. West*, 158 Ill. 2d 155, 164-65 (1994).

■ In *Anderson*, the defendant was charged with two counts of sexual abuse. The trial court admitted the testimony of three witnesses who testified that the victim told them about an April 1990 incident with which the defendant was charged and other incidents with which the defendant was not charged. The Appellate Court, Third District, held that the trial court erred in admitting the statements regarding the *uncharged* incidents. *Anderson*, 225 Ill. App. 3d at 651. The court reasoned:

"While section 115—10 creates an exception to the hearsay rule, it does not abrogate the rule nor remove its effect other than in the area of the exception. The plain language of the statute limits the exception to complaints of, or details about, sexual acts which are the subject of a prosecution." *Anderson*, 225 Ill. App. 3d at 650-51.

However, the court held that the error was harmless because it was corroborated by the victim and other evidence.

The reasoning in *Anderson* is applicable to the case at bar. In the instant case, the defendant was charged with two counts of aggravated criminal sexual abuse (720 ILCS 5/12—16(c)(1)(i) (West 1994)) by knowingly placing the victim's hand on his penis and his hands on the victim's buttocks on or about July 4, 1995. At the section 115—10 hearing, Hysom and Taylor testified that the victim told them about an incident that occurred during the July 4 weekend in a trailer. Hysom and Taylor also testified that the victim told them about other incidents, which occurred in the defendant's bedroom. Because Hysom and Taylor testified regarding the out-of-court statements made by the victim and the statements would be offered for the truth of the matter asserted, the testimony is hearsay. *Anderson*, 225 Ill. App. 3d at 650. Further, because the defendant was only charged with acts that occurred on July 4, the statements regarding the other incidents do not fit into the section 115—10 exception to the hearsay rule. *Anderson*, 225 Ill. App. 3d at 650.

The State argues that evidence of other crimes is admissible to establish the intent, lack of mistake, *modus operandi* (identification), design, course of conduct, the intimate relationship between the victim and the defendant, or to corroborate the victim's testimony regarding the charged offenses. The State cites *Anderson* for this proposition. *Anderson*, 225 Ill. App. 3d 636.

It is well established that evidence of other crimes is inadmissible to show the defendant's propensity to commit the crime with which he is charged. *People v. Oaks*, 169 Ill. 2d 409, 454 (1996). However, we agree with the State that evidence of other crimes may be admitted to show *modus operandi* (identification), design, motive, or knowl-

edge. *Oaks*, 169 Ill. 2d at 454; *Anderson*, 225 Ill. App. 3d at 647. Further, evidence of other crimes may be admitted to show that the victim and defendant had a continuing or intimate relationship or knew each other. *People v. Jahn*, 246 Ill. App. 3d 689, 705-06 (1993), citing *People v. Cregar*, 172 Ill. App. 3d 807, 822 (1988). However, as *Anderson* makes clear, such evidence is admissible only if the statements are not prohibited by the hearsay rule. *Anderson*, 225 Ill. App. 3d at 650. Thus, a nonhearsay witness, such as a complainant, may testify about other incidents involving the complaint and the defendant. *Anderson*, 225 Ill. App. 3d at 647-48.

The statements at issue in the case at bar are clearly hearsay since they contain the c.v.'s out-of-court statements and are offered for the truth of the matters asserted. *Anderson*, 225 Ill. App. 3d at 650. Thus, Taylor's and Hysom's statements regarding other crimes are admissible only if the State establishes that the statements are subject to an exception to the hearsay rule.

We recognize that a hearsay statement may be admitted if it expresses the declarant's state of mind at the time of the utterance, such as intent, plan, motive, or design. *People v. Lawler*, 142 Ill. 2d 548, 559 (1991); *People v. Sanchez*, 189 Ill. App. 3d 1011, 1016 (1989); M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 803.4 (6th ed. 1994). However, this exception applies only if the declarant's state of mind is relevant to a material issue in the case. *People v. Floyd*, 103 Ill. 2d 541, 546 (1984); *People v. Nyberg*, 275 Ill. App. 3d 570, 580 (1995). Because the State has failed to show how the c.v.'s state of mind is relevant to the case at bar, the State's argument fails.

Furthermore, the cases cited by the defendant to support his argument are factually distinguishable. The defendant cites *People v. Jahn*, 246 Ill. App. 3d 689 (1993), *People v. Edwards*, 224 Ill. App. 3d 1017 (1992), and *People v. Schmitt*, 204 Ill. App. 3d 820 (1990). In *Jahn*, the defendant was charged with aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(c)(1)(i) (now 720 ILCS 5/12—16(c)(1)(i) (West 1994))) in that he intentionally touched the vaginal area of the child complainant. The trial court allowed the complainant's therapist to testify that the complainant told the therapist that the sexual incidents had occurred over a two- or three-year period. This court held that the issue regarding the admissibility of the hearsay statements was waived and did not constitute plain error. *Jahn*, 246 Ill. App. 3d at 705. This court reasoned that the admission of the statements did not constitute plain error because the evidence was not closely balanced. *Jahn*, 246 Ill. App. 3d at 705-06. The case at bar requires this court to determine whether the trial

court erred in excluding the statements at issue, not whether the admission of the statements constitutes plain error. Thus, *Jahn* is inapplicable.

Further, in *Edwards*, the State charged the defendant with aggravated criminal sexual assault. See Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1) (now 720 ILCS 5/12—14(b)(1) (West 1994)). In support of this charge, the State alleged that the defendant committed an act of anal/penile penetration. The defendant argued that hearsay testimony concerning other acts of penetration should not have been admitted. This court held that the testimony was properly admitted under section 115—10 because the defendant had adequate notice that he was being charged with having committed an act of sexual penetration. *Edwards*, 224 Ill. App. 3d at 1032. Thus, this court reasoned that the hearsay statements regarding other forms of penetration were mere surplusage. *Edwards*, 224 Ill. App. 3d at 1032.

In *Schmitt*, the defendant was charged with aggravated criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—14 (now 720 ILCS 5/12—14 (West 1994))) and criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—13 (now 720 ILCS 5/12—13 (West 1994))). The trial court allowed the child complainant's grandmother to testify that the child complainant told her that the defendant licked the child complainant's penis and rectum. On appeal the defendant argued that the trial court erred when it allowed the grandmother to testify regarding the statement that the defendant licked the child complainant's rectum. The defendant argued that this was inadmissible because he was not charged with this act. The Appellate Court, Fourth District, held that the issue was waived. *Schmitt*, 204 Ill. App. 3d at 828. However, the court discussed the admissibility of the statement on the merits and determined that it was admissible under section 115—10 because it constituted a detail of the crime charged. *Schmitt*, 204 Ill. App. 3d at 829.

The case at bar is factually distinguishable from *Edwards* and *Schmitt* because in both *Edwards* and *Schmitt* the State did not specify the date or location of the alleged incidents. Thus, the other acts of sexual conduct could have been part of the same incidents with which the defendants were charged. However, in the case at bar, the State alleged that the defendant committed certain acts of sexual assault on a specific date, July 4, 1995, and at a specific location, in a trailer while camping. Thus, the other acts of sexual assault that allegedly occurred at the defendant's home, on dates other than July 4, could not have been part of the same incident with which the defendant was charged, and, therefore, they could not have been details of the act charged. Accordingly, the trial court did

not abuse its discretion when it excluded the hearsay testimony of Taylor and Hysom regarding other acts.

Next, the State argues that the trial court erroneously excluded Taylor's testimony regarding the trailer incident. The State claims that the fact that the c.v. denied having told Taylor about the trailer incident does not make the statement unreliable for purposes of section 115—10 (725 ILCS 5/115—10 (West 1994)). The defendant contends that the trial court's decision to exclude Taylor's testimony is not an abuse of discretion. We agree with the defendant.

■ Because the c.v. denied having told Taylor about the trailer incident, Taylor's testimony regarding the incident constitutes a prior inconsistent statement of the c.v. Thus, it is only admissible as substantive evidence if it complies with the requirements of section 115—10.1 (725 ILCS 5/115—10.1 (West 1994)). Under section 115—10.1(c) a prior inconsistent statement is admissible only if:

"(c) the statement—
   (1) was made under oath at a trial, hearing, or other proceeding, or
   (2) narrates, describes, or explains an event or condition of which the witness had personal knowledge, and
      (A) the statement is proved to have been written or signed by the witness, or
      (B) the witness acknowledged under oath the making of the statement either in his testimony at the hearing or trial in which the admission into evidence of the prior statement is being sought, or at a trial, hearing, or other proceedings, or
      (C) the statement is proved to have been accurately recorded by a tape recorder, videotape recording, or any other similar electronic means of sound recording." 725 ILCS 5/115—10.1(c) (West 1994).

■ In the case at bar, the c.v. denied under oath that she told Taylor about the trailer incident. Further, the c.v.'s alleged statement to Taylor was not made under oath, was not written or signed by the c.v., and was not recorded. Thus, Taylor's hearsay testimony regarding the c.v.'s alleged statements about the trailer incident are not admissible as substantive evidence. 725 ILCS 5/115—10.1 (West 1994). Accordingly, the trial court did not abuse its discretion by excluding such testimony.

■ Finally, the State argues that Hysom's testimony regarding other acts of abuse and all of Taylor's testimony is admissible under the spontaneous utterance exception to the hearsay rule. A hearsay statement is admissible as a spontaneous utterance when (1) the occurrence is sufficiently startling to produce a spontaneous and unre-

flecting statement; (2) there is an absence of time to fabricate; and (3) the statement relates to the circumstances of the occurrence. *People v. Zwart*, 151 Ill. 2d 37, 46 (1992). While the second requirement must be examined on a case-by-case basis, our supreme court has established some guidelines. *Zwart*, 151 Ill. 2d at 46-47.

In *Zwart*, our supreme court held that a statement made by a child victim of sexual abuse, five weeks after the sexual abuse occurred, was not admissible as a spontaneous utterance. *Zwart*, 151 Ill. 2d at 46-47. The court reasoned that the second requirement was not met because the time lapse destroyed the spontaneity of the child-victim's statement. See also *People v. Velasco*, 216 Ill. App. 3d 578, 585 (1991) (court held that a nine-day time lapse is too long).

■ In the case at bar, Taylor testified that the c.v. told her about the sexual abuse three or four weeks before the police were notified. The record reveals that the c.v.'s mother reported the incidents to the police on or about September 6, 1995. Thus, the earliest the c.v. spoke with Taylor was August 9, 1995, or five weeks after the alleged occurrence. Hysom testified that the c.v. told her about the sexual abuse on September 7, 1995, or at least eight weeks after the alleged occurrence.

As in *Zwart*, we believe that a five- and eight-week "time lapse between the startling event and the victim's statements destroyed the spontaneity of [the c.v.'s] statements." *Zwart*, 151 Ill. 2d at 47. Thus, the c.v.'s statements to Taylor and Hysom are not subject to the spontaneous utterance exception to the hearsay rule. Accordingly, the trial court did not abuse its discretion by excluding the statements.

The judgment of the circuit court of Lee County is affirmed.

Affirmed.

INGLIS and HUTCHINSON, JJ., concur.