**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230327-U

Order filed November 14, 2024
_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0327 Circuit No. 22-CF-133 |
| | ) | |
| AYRIMIS J. SCERINI, | ) ) | Honorable H. Chris Ryan, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Justices Holdridge and Davenport concurred in the judgment.
_____

**ORDER**

¶ 1      *Held*:  (1) The court did not err in admitting hearsay evidence of other acts. (2) The court did not err in sentencing defendant.

¶ 2      Defendant, Ayrimis J. Scerini, appeals from his conviction for predatory criminal sexual assault of a child. Defendant argues the La Salle County circuit court (1) abused its discretion by admitting hearsay evidence of other crimes and (2) gave undue consideration to uncharged crimes at the sentencing hearing where the only evidence of those crimes was hearsay. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          Defendant was charged with predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2022)). The charge alleged defendant, a person over the age of 17, placed his penis in the anus of C.S., a person under the age of 13, on or about March 5, 2022.

¶ 5          Prior to trial, the State filed a motion *in limine* to admit evidence of other crimes. The State filed an additional motion *in limine* seeking to admit a videotaped interview of C.S. at the Children's Advocacy Center (CAC) pursuant to section 115-10 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-10 (West 2022)). The court granted both motions over defendant's objections.

¶ 6          Defendant's bench trial began on December 20, 2022. Laura Rix testified she had four children, including C.S. and H.S. Rix had been friends with defendant for 10 years. Defendant frequently watched C.S. and H.S. while Rix was at work. Defendant visited Rix's residence nearly every weekend. Rix's children began calling defendant, "dad" because of how often he provided daycare services and visited. In March 2022, Rix contacted the police following a conversation with C.S.

¶ 7          C.S. testified she was eight years old at the time of trial. C.S. made an in-court identification of defendant as the man who sexually assaulted her. The assaults began when she was six years old. C.S. testified defendant touched her "privates" with his hands and penis. C.S. testified this had happened more than once. The last time defendant assaulted C.S., he took her into the garage, pulled down her pants, and "touched [her] in the front part" with his hand. C.S. told Rix about the incident and Rix called the police. C.S. was unable to remember if defendant touched her "back privates" during the incident.

¶ 8        Amanda Bottenhagen, a CAC forensic interviewer, testified she conducted a video recorded interview with C.S. Bottenhagen explained that C.S. referred to her vagina as her "front part," and her buttocks as her "back part." C.S. referred to defendant's penis as his "front part." C.S. identified these body parts on an anatomical body. The State moved to admit and publish the recorded interview. Defendant again objected, and his objection was overruled. The video was played in open court.

¶ 9        In the video, C.S. stated she was being interviewed because defendant hurt her by putting "his finger in [her] front private part." C.S. stated it had happened more than once. C.S. stated these incidents had been occurring for as long as she had known defendant. Defendant had also put his "front private part in [her] back private part." The sexual assaults occurred in the garage or mudroom.

¶ 10        C.S. stated defendant showed her a sexually explicit video. While the video played, defendant removed C.S.'s clothes and started doing "what the video was doing." C.S. continued, "when he shows me the videos, he does it," and, that when he removes her clothes, "he says, I'm going to bend you over." Later during the interview, C.S. stated defendant would sometimes say, "I'm going to bend you over," or "I'm going to show you a video." Defendant made C.S. bend over "the first time." Defendant had shown C.S. sexually explicit videos "a lot of times in the mudroom and sometimes in the garage." C.S. stated that last winter, defendant had shown her a video in the mudroom of the "finger going into the front side, and the front side going into the backside *** on the woman." C.S. then demonstrated how defendant would make her bend over and touch the floor. C.S. described the music defendant would play during the assaults. C.S. later recounted a conversation during which H.S. stated defendant frequently attempted to assault H.S., but H.S. would "smack[ ] his hand." C.S. then described how the act of digital penetration was

3

generally performed by defendant. C.S. also described how the act of anal penetration was generally performed by defendant. She stated, "it hurt[ ]" when defendant's "front side [was] in her back part." C.S. sometimes pushed defendant away, scratched him, or bit him to try and make him stop. She stated she bit defendant during the most recent assault.

¶ 11          C.S. then began to discuss an alleged act committed by defendant against a separate victim. The State stopped the video stating, "[w]e're getting in to a different topic." Defendant moved for a mistrial based upon the improper statement. The State asked the court to strike that portion and not to consider it. The court denied the mistrial stating, "If it was a jury trial I'd be concerned about things, counselor, but I'll just consider what was talked about with [C.S.]"

¶ 12          Sergeant Josh McGrath of the La Salle County Sheriff's Office testified defendant agreed to give a voluntary interview, which was recorded. Defendant was read his *Miranda* rights before the interview. McGrath stated the video was a fair and accurate depiction of the interview. Over defendant's objection, the video was played in open court. During the recorded interview, defendant admitted to inappropriately touching C.S. multiple times with his hands. Defendant believed it was possible the officers would recover his semen from C.S. As to the charged offense, defendant stated the last time he sexually assaulted C.S. was two weeks prior, when "[C.S.] told [him] to put [his] thing in her butt. *** [He] technically did so." Defendant acknowledged the act of anal penetration occurred on March 5, 2022.

¶ 13          McGrath testified the results of C.S.'s sexual assault examination were negative, indicating no trauma was found. Defendant's DNA was not recovered from C.S. The report indicated it was "not uncommon to not find evidence of trauma" in these situations. Both the CAC and police interviews were admitted into the record. Defendant moved for a directed verdict, which was denied. Defendant did not introduce any evidence.

4

¶ 14    The court found defendant guilty of predatory criminal sexual assault of a child. In reaching its decision, the court explained, "I'm focusing only in on what the extent of the confession, what [C.S.] testified to in her statement, *** and also what [C.S.] said here in court and what [defendant] had told us during his interview." Defendant filed a motion for a new trial. Relevant to this appeal, defendant argued the court erred in admitting the CAC video. The court denied the motion.

¶ 15    At the sentencing hearing, McGrath testified that his department interviewed H.S. During the interview, H.S. disclosed that defendant had attempted to touch her inappropriately, but she "swat[ed] his hand away." McGrath testified that defendant admitted to sexually assaulting H.S, including "rubbing his penis on her vagina, ejaculating on her, and touching her with his fingers in her vagina." Defendant objected to the testimony as hearsay. The court overruled the objection, finding the testimony was relevant and reliable. The presentence investigation report showed no prior criminal history relating to sexual misconduct.

¶ 16    In sentencing defendant, the court indicated that it considered the factors in aggravation and mitigation and all the evidence before it. It noted that defendant had not had a criminal conviction since 2008, had a good relationship with his mother, had some physical and mental health issues, and did not appear to have any substance abuse problems. The court stated, "There is a victim in the particular matter here, which we have considered the victim impact statement that's been presented here in court." The court noted that defendant was in a position of trust over C.S. and H.S. and stated that it would consider that both children were victims. The court believed the need to deter others and defendant's position of trust and authority with the victims were factors in aggravation. The court was unable to find any factors in mitigation. The court sentenced defendant to 18 years' imprisonment. Defendant filed a motion to reconsider the sentence, arguing the court placed excessive weight on the improper factor of an uncharged allegation involving H.S.

5

The court denied the motion, stating "[d]id I put [an] excessive amount on the uncharged person? Not as much as everybody might think."

¶ 17                                    II. ANALYSIS

¶ 18        On appeal, defendant argues the court (1) abused its discretion in admitting hearsay evidence of other crimes and (2) gave undue consideration to the uncharged crime at sentencing where the only evidence of those crimes was hearsay. We address each issue respectively.

¶ 19                         A. Other-Crimes Hearsay Evidence

¶ 20        A circuit court's decision to admit hearsay statements under section 115-10 of the Code will not be disturbed absent an abuse of discretion. *People v. Kinnett*, 287 Ill. App. 3d 709, 713 (1997). A court's decision to admit other-crimes evidence is also reviewed for an abuse of discretion. *People v. Donoho*, 204 Ill. 2d 159, 182 (2003). A reviewing court will only find an abuse of discretion where the circuit court's decision is arbitrary, fanciful, unreasonable, or where no reasonable person would take the position of the circuit court. *Id.*

¶ 21        Evidence of other crimes may be admissible to prove *modus operandi*, intent, identity, motive, or absence of mistake. *Id.* at 170. General areas of similarity between the charged offense and other crimes may be sufficient to establish the admissibility of other-crimes evidence. *People v. Littleton*, 2014 IL App (1st) 121950, ¶ 36. Other-crimes evidence may still be precluded where its prejudicial effect substantially outweighs its probative value. *Donoho*, 204 Ill. 2d at 183. "[I]n sexual offense cases[,] evidence of a defendant's prior sexual activity with the same child is admissible to show the defendant's intent, design[,] or course of conduct and to corroborate the victim's testimony concerning the charged offense." *People v. Anderson*, 225 Ill. App. 3d 636, 647 (1992). Limiting the testimony to a single incident would place an unfair strain on the credibility of the victim's testimony. *Id.* at 647-48. Prior sexual activity may also be used to show that the

6

parties had a continuing or intimate relationship even when such facts are not at issue. *People v. Jahn*, 246 Ill. App. 3d 689, 705-06 (1993).

¶ 22    First, the other-crimes evidence was admissible. C.S.'s testimony and CAC interview discussed prior sexual activity between herself and defendant and shared more than just general similarities. All the acts occurred at C.S.'s home, either in the mudroom or garage. The prior acts involved a similar pattern of behavior from defendant leading up to the assaults. Some of the other acts involved anal penetration. The fact that some prior acts involved digital penetration did not render the evidence inadmissible. See *People v. Wilson*, 214 Ill. 2d 127, 141 (2005) (different acts committed against different victims shared sufficient general similarity to be admissible). We therefore do not believe the court abused its discretion in determining the probative value of this evidence outweighed the danger of unfair prejudice where it established defendant's design, demonstrated the course of conduct, and corroborated C.S.'s testimony.

¶ 23    We reject defendant's argument that the probative value of the other-crimes evidence evaporated when C.S. testified that she was unable to recall whether anal penetration occurred. Whether hearsay statements are sufficiently reliable for admission under the statute is determined by the evidence presented at the admissibility hearing. *People v. Back*, 239 Ill. App. 3d 44, 57 (1992). Whether a child victim forgets an incident occurred, or even recants their allegations, does not affect the admissibility of the hearsay evidence at trial. *People v. Stull*, 2014 IL App (4th) 120704, ¶¶ 85-87. Besides the CAC video, the State also presented evidence of defendant's confession to the charged crime. Therefore, the probative value of the other acts did not evaporate upon C.S.'s inability to recall at trial whether the charged offense occurred.

¶ 24    As we have found that evidence of defendant's other crimes against C.S. was admissible, we must now consider whether C.S.'s allegations in the CAC interview are barred by another rule

7

of evidence. See *Kinnett*, 287 Ill. App. 3d at 715. Hearsay evidence, an out-of-court statement offered to prove the truth of the matter asserted, is generally inadmissible absent an exception. *People v. Lawler*, 142 Ill. 2d 548, 557 (1991). Section 115-10 of the Code provides an exception to the general prohibition of hearsay evidence. 725 ILCS 5/115-10 (West 2022). In criminal prosecutions for physical or sexual acts perpetrated against children under the age of 13, hearsay evidence of statements "made by the victim describing any complaint of such act or matter or detail pertaining to any act which is an element of an offense which is the subject of a prosecution for a sexual or physical act against that victim," may be admissible. *Id.* § 115-10(a)(2). "The purpose of this hearsay exception is to alleviate concerns that at trial very young child witnesses often lack the cognitive skills to effectively communicate instances of abuse or might be psychologically impeded from doing so." *People v. Foster*, 2020 IL App (2d) 170683, ¶ 28.

¶ 25　　　　The exception is not limited to hearsay statements that directly describe the elements of the charged offense. *People v. Schmitt*, 204 Ill. App. 3d 820, 829 (1990). Instead, the exception is broad enough to include "facts about the victim's relationship with the defendant if relevant to explain the context within which the alleged charged acts occurred." *People v. Boling*, 2014 IL App (4th) 120634, ¶ 87. Hearsay evidence of ancillary facts necessary to provide the fact finder with context with which to assess the veracity of the victim's claims may be admissible. *Id.* ¶ 90.

¶ 26　　　　Here, during the CAC interview, C.S. described her prior relationship with defendant and how defendant began sexually assaulting her when she was six years old and continued until she was seven. Defendant digitally penetrated her vagina and anally penetrated her with his penis multiple times during that time. C.S. described how the assaults would normally occur, where they occurred, and ancillary facts of the assaults generally, such as defendant showing her multiple videos or telling her to bend over. These facts, and others in the CAC video were admissible as

necessary ancillary facts to provide context, corroborate C.S.'s claims, and aid the fact finder in determining whether defendant committed the charged offense. All the statements made in the CAC video, apart from those the court struck from the record, would have been admissible as direct testimony. These facts "may be just as difficult to elicit at trial as the facts directly establishing the elements of the charged offense." *Id.* It would frustrate the purpose of the statute to rigidly limit the exception to facts directly pertaining to the charged offense and its elements where context and ancillary facts are necessary pieces of the victim's testimony.

¶ 27    Moreover, in our review of the CAC interview, it is often difficult to discern whether C.S. was discussing a general pattern of abuse, a specific incident, or the charged offense. Given this difficulty, we believe the circuit court was in the best position to assess the admissibility of the statements, and then afford the statements the appropriate weight. This is especially so where this was a bench trial, the court is presumed to know the law and apply it properly, and nothing in the record suggests that the court gave undue weight to improper evidence. See *People v. Chatman*, 2016 IL App (1st) 152395, ¶ 65; *People v. Nash*, 2013 IL App (1st) 113366, ¶ 24. The court largely based its decision on defendant's confession to the charged offense, which the court found credible. Therefore, we cannot say that the court abused its discretion in allowing the introduction of the CAC interview.

¶ 28    Regardless, even if portions of the CAC video were improperly admitted as hearsay evidence, any error was harmless. "[T]he admission of impermissible details may be deemed harmless error when it is substantially corroborated by the testimony of the complainant or by other competent evidence and the complainant is present in court and available for cross-examination." *Anderson*, 225 Ill. App. 3d at 651. Here, the hearsay statements regarding the uncharged conduct were substantially corroborated by properly admitted evidence. Defendant

9

confessed to the substance of the allegedly improperly admitted other acts. C.S.'s trial testimony also corroborated the other-crimes evidence in the CAC video. While C.S.'s trial testimony was not as extensive or detailed as the CAC interview, it was consistent and substantively the same. Further, defendant's clear and uncoerced confession to the charged crime, along with the properly admitted portion of the CAC video and C.S.'s trial testimony, overwhelmingly established defendant's guilt. See *People v. Garcia-Cordova*, 2011 IL App (2d) 070550-B, ¶¶ 75-79 (any error in admission of section 115-10 evidence was harmless largely due to defendant's confession); see also *People v. Argo*, 133 Ill. App. 3d 421, 430 (1985) (error was harmless where defendant's confession was the only evidence connecting defendant to the murder).

¶ 29                                B. Sentencing

¶ 30        Defendant next argues the court gave undue consideration to uncharged crimes at sentencing where the only evidence of those other crimes was hearsay. The sentencing court "is presumed to know the law and apply it properly, and its decision regarding sentencing will be presumed to be proper absent an affirmative showing of error." *People v. Smith*, 176 Ill. 2d 217, 260 (1997). The only requirement for admission of evidence in a sentencing hearing, including hearsay evidence, is it "must be reliable and relevant as determined by the trial court within its sound discretion." *People v. Harris*, 375 Ill. App. 3d 398, 409 (2007). "Merely because testimony contains hearsay does not render it *per se* inadmissible at a sentencing hearing." *People v. Varghese*, 391 Ill. App. 3d 866, 873 (2009). "A hearsay objection at sentencing goes to the weight of the evidence rather than its admissibility." *Id.* Uncorroborated hearsay may be admissible when it is not inherently unreliable, such as when it was compiled as part of an official police investigation and was never directly challenged. See *People v. Foster*, 119 Ill. 2d 69, 98-99 (1987). However, hearsay evidence should be presented by a witness who can be cross-examined as

10

opposed to hearsay allegations in the presentence investigation report. *People v. Jackson*, 149 Ill. 2d 540, 548 (1992). We review a court's sentencing determination for an abuse of discretion. *People v. La Pointe*, 88 Ill. 2d 482, 492 (1981).

¶ 31 Here, McGrath testified that defendant had also sexually assaulted H.S. This was based upon statements made by H.S. and defendant's admission. McGrath was subject to cross-examination. The court properly determined McGrath's testimony was sufficiently reliable and relevant. Further, the record makes clear that the court was not placing a great deal of weight on this hearsay evidence in sentencing defendant. Instead, the court believed the need to deter others and defendant's abuse of his position of power and trust were significant factors in aggravation and was unable to find a single factor in mitigation. Given the sentence was within the applicable range, the court did not abuse its discretion in sentencing defendant. *People v. Sauseda*, 2016 IL App (1st) 140134, ¶ 12 (a sentence within the applicable sentencing range is presumptively valid).

¶ 32                                                III. CONCLUSION

¶ 33 The judgment of the circuit court of La Salle County is affirmed.

¶ 34 Affirmed.