(No. 92988.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. SHANNON DONOHO, Appellee.

*Opinion filed April 3, 2003.*

James E. Ryan, Attorney General, of Springfield, and Jeff Tomczak, State's Attorney, of Joliet (Joel D. Bertocchi, Solicitor General, William L. Browers and Domenica A. Osterberger, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, John X. Breslin and Nancy Rink Carter, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Robert J. Agostinelli, Deputy Defender, and Kerry J. Bryson, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE GARMAN delivered the opinion of the court:

Defendant, Shannon Donoho, was tried for one count of criminal sexual assault (720 ILCS 5/12—13(a)(3) (West 1998)) and four counts of aggravated criminal sexual abuse (720 ILCS 5/12—16(b) (West 1998)) based on incidents that occurred between November 1, 1995, and November 29, 1998, involving defendant and his two stepchildren, K.B. and D.B. Pursuant to section 115—7.3 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/115—7.3 (West 1998)), the trial court allowed the admission of evidence about defendant's 1983 conviction for indecent liberties with a child arising from

a single incident with a 7-year-old girl and an 11-year-old boy. The jury found defendant guilty of all five charges.

The trial court sentenced defendant to a 14-year prison term for criminal sexual assault and to concurrent 7-year terms for each of the four counts of aggravated criminal sexual abuse. The trial court entered the 14-year sentence pursuant to sentence enhancement under section 12—13(b)(4) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12—13(b)(4) (West 1998)) because of defendant's prior conviction for indecent liberties with a child. The appellate court vacated defendant's convictions, remanded for a new trial, and found the trial court erred in enhancing defendant's sentence. 326 Ill. App. 3d 403, 411, 413. We granted the State's petition for leave to appeal (177 Ill. 2d Rs. 315, 612(b)) to address two issues: (1) whether evidence regarding defendant's 1983 conviction for indecent liberties with a child was properly admitted into evidence pursuant to section 115—7.3 of the Code, and (2) whether defendant's conviction for criminal sexual assault was properly enhanced from a Class 1 felony to a Class X felony for sentencing under section 12—13(b)(4) of the Criminal Code based upon his conviction for indecent liberties with a child.

## BACKGROUND

Defendant married Lori Donoho on June 10, 1995. Lori had two children from a previous marriage. Her daughter, K.B., was born July 25, 1987; her son, D.B., was born June 9, 1990. Defendant and Lori had a daughter together, A.D., on March 28, 1995.

On April 20, 1999, the State filed an information in Will County against defendant; the subsequent bill of indictment alleged the same six counts, five of which were presented at trial. Count II charged defendant with criminal sexual assault, in that defendant knowingly committed an act of sexual penetration on K.B. by putting his mouth upon her vagina. Count III alleged that

defendant committed aggravated criminal sexual abuse because he knowingly touched K.B.'s vaginal area. Count IV stated that defendant committed aggravated criminal sexual abuse by knowingly making K.B. touch his penis. Count V charged defendant with aggravated criminal sexual abuse, in that defendant knowingly touched D.B.'s penis. Finally, count VI alleged that defendant committed aggravated criminal sexual abuse, in that defendant knowingly made D.B. touch defendant's penis. The State filed a superceding bill of indictment on November 24, 1999, to amend count II by classifying it as a Class X felony, enhanced from a Class 1 felony, because of defendant's conviction for indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)(3)) in Grundy County in 1983 pursuant to section 12—13(b)(4) of the Criminal Code (720 ILCS 5/12—13(b)(4) (West 1998)).

Defendant's jury trial was conducted May 3 through 5, 2000. Terry Marketti, the detective from the Grundy County sheriff's department who worked on defendant's 1983 case, testified for the State. That case involved two children, T.Q., a 7-year-old girl, and M.Q., an 11-year-old boy. Defendant was 18 years old when the incident took place. Marketti testified that at first defendant's statement did not match the children's explanation of the incident. When confronted with this inconsistency, defendant admitted that he put his finger in T.Q.'s vagina. Marketti witnessed defendant sign a two-page statement detailing the incident.

At this point in the testimony, the State requested jurors be given written copies of the statement, to utilize an exhibit that displayed the statement blown up to a larger size, and/or to read the statement aloud, citing section 115—7.3 of the Code. After a sidebar discussion, the trial court sustained the defense objection to publishing the statement to the jury. Marketti then testified that defendant admitted to having both a boy and a girl touch his penis while riding in a car with no one else present.

Lori Donoho testified that in December 1998, she and defendant separated and defendant moved out of the house. After K.B. and D.B. told her about incidents of sexual abuse by defendant, she immediately filed a police report on April 12, 1999.

D.B. testified that he was nine years old and in fourth grade. He demonstrated that he knew the difference between the truth and a lie. D.B. described four incidents of abuse. The first two incidents occurred during the summer before second grade. First, when he and defendant were by a tree in the side yard of the house, defendant touched D.B. "in the pee pee." Second, defendant touched D.B.'s penis while they were alone in the living room. Third, the following summer, they were visiting defendant's parents. Defendant and D.B. were in the shower together, and defendant touched D.B.'s penis. Finally, defendant and D.B. were driving to Farmer City for the Buffalo Festival. Defendant touched D.B.'s penis and made D.B. touch defendant's penis. D.B. explained he never told anyone because defendant told him he would be grounded if he did. One day his sister K.B. came home crying, and they talked about defendant's conduct. They decided to tell their mother about the sexual abuse together. On cross-examination and redirect, D.B. said no one told him what to say; everything that he said really happened.

K.B. testified that she was 12 years old and in sixth grade. More than 10 times, when she and defendant were alone in a room, he told her to pull down her pants and underpants, defendant pulled his pants down, and defendant touched "around my crotch." Sometimes, defendant also made her touch his penis. K.B. testified about four specific instances of these acts of abuse, including while she was playing Nintendo in the bedroom, in the living room (where defendant kissed her crotch), by a pond when they stopped during a drive home from

Midway Airport, and in their backyard pool. She did not tell anyone because defendant told her she would be grounded if she did. K.B. finally decided to tell during the spring of the previous year after talking to a friend at school, who encouraged her to tell her mother. She also confirmed that she had not been told what to say and that these events actually happened.

Defendant denied all of the allegations made by D.B. He noted that he and D.B. had showered together once to save hot water, but he did not touch D.B. and D.B. did not touch him. Defendant also denied all of K.B.'s allegations. Although he did give K.B. a bath to remove lice from her hair, he never touched her.

He explained that when he moved out, he took A.D. with him. Lori had threatened to use his "past" if he did not give up custody of A.D. Since the current charges were filed, he has not seen A.D. There had been no other charges against him after those in 1983; he received counseling as part of his 1983 guilty plea and sentence.

On cross-examination, defendant was questioned about the 1983 incident. Defendant said it happened while he and two children drove to church. He did not remember anything happening on the return trip, but it happened 18 years ago. He drove the car into a ditch during the return trip because he hit a patch of ice on the road. During a sidebar discussion, the attorneys and the judge discussed how the State could use defendant's 1983 statement to impeach this testimony. The court ruled that the State could not quote the confession, but counsel could show it to defendant to refresh his memory. Before the jury, the defendant admitted that his statement said that sexual contact also had occurred during the return trip, including when he lost control of the car.

The trial court admitted the 1983 statement into evidence but did not allow it to go back to the jury during deliberations. The statement was made on May 13,

1983, approximately two months after the incident took place. According to the statement, defendant got permission from their parents to take T.Q. and M.Q. with him to church in Coal City. He wanted to take them so that they could play a game in the car involving touching each other. T.Q. sat in the middle next to defendant, and M.Q. sat closest to the passenger door. Defendant had them both take their pants down, and several times he put his finger in T.Q.'s vagina. He made both children touch defendant's penis several times. On the way home, he again put his finger in T.Q.'s vagina and had M.Q. touch his penis, during which he lost control of his car and drove it into a ditch. He had planned to make it a game, but after awhile, he was mostly ordering them around. The statement also specified that after he had been told that the children's story was different from his initial statement, defendant made this voluntary statement of the complete truth.

The jury found defendant guilty on all five counts. The court denied the defense motion for a new trial that cited errors as to the other-crimes evidence presented. At the sentencing hearing, the State offered without objection a certified copy of the prior conviction to show enhancement of the criminal sexual assault to a Class X felony for sentencing. The court noted that this prior conviction was for a Class 1 felony offense that existed only in a prior version of the Criminal Code. The court asked defense counsel whether section 12—13(b)(4) of the Criminal Code enhanced the penalty to Class X sentencing levels because he was convicted of a Class 1 felony, the indecent liberties with a child; defense counsel agreed. The trial court sentenced defendant to 14 years for the Class X felony of criminal sexual assault, with concurrent sentences of 7 years for each of the four convictions for aggravated criminal sexual abuse. Defense counsel filed a motion to reconsider the sentence but did not challenge the sentence enhancement.

The appellate court found that the trial court abused its discretion in admitting the evidence of the prior conviction because of the significant time lapse and noteworthy factual differences between the 1983 incident and the present case. The "obvious prejudicial effect" of this evidence was not outweighed by the "discernible probative value." Even though the court found the children in this case gave credible testimony, it was impossible to tell how the evidence of the other crime influenced the jury. Thus, the admission of this evidence was not harmless error. The court vacated the convictions and remanded the cause for a new trial. 326 Ill. App. 3d at 411.

The appellate court also found that the trial court erred in enhancing the criminal sexual assault conviction to a Class X felony for sentencing. Although the defense conceded the enhancement during sentencing and did not raise the issue in its posttrial motion challenging the sentence, the court addressed the issue under the plain error doctrine because the evidence was closely balanced. 326 Ill. App. 3d at 412-13. The court compared the elements of criminal sexual assault and indecent liberties with a child. Although both crimes were Class 1 felonies at the times they were charged, criminal sexual assault requires proof of the element of penetration, whereas indecent liberties with a child does not. As a result, the prior offense is lesser than, not substantially equivalent to, criminal sexual assault, as required under section 12—13(b)(4). 326 Ill. App. 3d at 413.

The State, as petitioner, raises two issues before this court: (1) whether the evidence related to defendant's 1983 conviction for indecent liberties with a child was properly admitted into evidence at trial pursuant to section 115—7.3 of the Code (725 ILCS 5/115—7.3 (West 1998)); and (2) whether defendant's conviction for criminal sexual assault was properly enhanced from a

Class 1 to a Class X felony due to his prior conviction for indecent liberties with a child pursuant to section 12—13(b)(4) of the Criminal Code (720 ILCS 5/12—13(b)(4) (West 1998)).

## ANALYSIS

### I. Other-Crimes Evidence Under Section 115—7.3

The State argues that section 115—7.3 of the Code allows the court to admit evidence of other sexual offenses to establish a defendant's propensity to commit the charged sexual offense. Defendant contends this argument is waived because it was not included in the State's petition for leave to appeal nor was it presented to the appellate court.

Under Supreme Court Rules 341(e)(7) and 315(g), a party must raise its arguments and provide citation to legal authority or to the record in its petition for leave to appeal to avoid waiver. 177 Ill. 2d R. 315(g); 188 Ill. 2d R. 341(e)(7); see also *People v. Patterson*, 154 Ill. 2d 414, 454-55 (1992). Rule 341(e)(7) admonishes the parties, but it does not limit the jurisdiction of the reviewing court. *People v. Pecor*, 153 Ill. 2d 109, 116 (1992). Waiver limits the parties' ability to raise an issue, not this court's ability to consider an issue. *People v. Kliner*, 185 Ill. 2d 81, 127 (1998).

In addition, the State was the appellee before the appellate court, so waiver will not apply on this basis. " 'Where the trial court is reversed by the Appellate Court and the appellee in that court brings the case here for further review, he may raise any question properly presented by the record to sustain the judgment of the trial court, even though those questions were not raised or argued in the Appellate Court.' " *People v. Schott*, 145 Ill. 2d 188, 201 (1991), quoting *Mueller v. Elm Park Hotel Co.*, 391 Ill. 391, 399 (1945). Therefore, we will address the merits of the State's argument.

## A. Interpretation of Section 115—7.3

Evidence regarding other crimes is generally inadmissible to demonstrate propensity to commit the charged crime (propensity). Such evidence is not considered irrelevant; instead, it is objectionable because such evidence has "too much" probative value. *People v. Manning*, 182 Ill. 2d 193, 213 (1998). Courts generally prohibit the admission of this evidence to protect against the jury convicting a defendant because he or she is a bad person deserving punishment. *Manning*, 182 Ill. 2d at 213-14. Defendant is entitled to have his guilt or innocence evaluated solely on the basis of the charged crime. *People v. Lampkin*, 98 Ill. 2d 418, 430 (1983).

Other-crimes evidence is admissible, however, to prove intent, *modus operandi*, identity, motive, absence of mistake, and any material fact other than propensity that is relevant to the case (exceptions). *People v. Illgen*, 145 Ill. 2d 353, 364-65 (1991). Even if other-crimes evidence falls under one of these exceptions, the court still can exclude it if the prejudicial effect of the evidence substantially outweighs its probative value. *Illgen*, 145 Ill. 2d at 365.

The State argues that section 115—7.3 allows the admission of other-crimes evidence to show defendant's propensity if it involves one of the specified sex offenses. The State further contends that the provision is constitutional. In contrast, the defense argues that the statute only allows the admission of other-crimes evidence under the exceptions. In addition, defendant asserts that the trial court's admission of evidence of defendant's prior conviction for indecent liberties with a child was an abuse of its discretion because it did not fall within an exception and its prejudicial effect outweighed its probative value.

Section 115—7.3 states in pertinent part:

"(a) This Section applies to criminal cases in which:

(1) the defendant is accused of predatory criminal

sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, aggravated criminal sexual abuse, criminal sexual abuse, or criminal transmission of HIV;

(2) the defendant is accused of battery or aggravated battery when the commission of the offense involves sexual penetration or sexual conduct as defined in Section 12—12 of the Criminal Code of 1961; or

(3) the defendant is tried or retried for any of the offenses formerly known as rape, deviate sexual assault, indecent liberties with a child, or aggravated indecent liberties with a child.

(b) If the defendant is accused of an offense set forth in paragraph (1) or (2) of subsection (a) or the defendant is tried or retried for any of the offenses set forth in paragraph (3) of subsection (a), evidence of the defendant's commission of another offense or offenses set forth in paragraph (1), (2), or (3) of subsection (a), or evidence to rebut that proof or an inference from that proof, *may be admissible (if that evidence is otherwise admissible under the rules of evidence) and may be considered for its bearing on any matter to which it is relevant.*

(c) In weighing the probative value of the evidence against undue prejudice to the defendant, the court may consider:

(1) the proximity in time to the charged or predicate offense;

(2) the degree of factual similarity to the charged or predicate offense; or

(3) other relevant facts and circumstances." (Emphasis added.) 725 ILCS 5/115—7.3 (West 1998).

Several principles of statutory interpretation are relevant to this case. The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Paris v. Feder*, 179 Ill. 2d 173, 177 (1997). The best evidence of legislative intent is the statutory language. When possible, the court should interpret the statute according to the plain and ordinary meaning of the language. *Paris*, 179 Ill. 2d at 177. In giving effect to legislative intent, the court should consider, in addi-

tion to the statutory language, the reason for the law, the problems to be remedied, and the objects and purposes sought. *People v. Haywood*, 118 Ill. 2d 263, 271 (1987). A statute is ambiguous if it is subject to two or more reasonable interpretations. *People v. Holloway*, 177 Ill. 2d 1, 8 (1997). The court can consult interpretive aids when construing an ambiguous statute. *People v. Whitney*, 188 Ill. 2d 91, 97-98 (1999). The interpretation of a statute is reviewed *de novo*. *Paris*, 179 Ill. 2d at 177-78.

In evaluating whether section 115—7.3 allows the trial court to admit other-crimes evidence to show defendant's propensity to commit certain sex offenses, we focus our inquiry on language from subsection (b): "evidence of the defendant's commission of another offense *** may be admissible (if that evidence is otherwise admissible under the rules of evidence) and may be considered for its bearing on any matter to which it is relevant." 725 ILCS 5/115—7.3(b) (West 1998).

Other-crimes evidence is admissible "(if that evidence is otherwise admissible under the rules of evidence)." 725 ILCS 5/115—7.3(b) (West 1998). This first phrase seems to reaffirm the application of established evidence rules, including the common law prohibition of other-crimes evidence subject to the exceptions. Other-crimes evidence "may be considered for its bearing on any matter to which it is relevant." 725 ILCS 5/115—7.3(b) (West 1998). This second phrase, in contrast, seems to allow consideration of other-crimes evidence for any matter, including propensity, so long as the evidence is relevant.

Attempts to read these two phrases together generates several reasonable interpretations. One would permit admission of other-crimes evidence subject to the traditional rules and would view the latter phrase simply as reemphasizing that evidence must be considered only about relevant issues. Another would allow admission of other-crimes evidence beyond the exceptions, including

to show propensity, so long as the evidence is relevant. This interpretation would view the former phrase as confirming the applicability of other-evidence rules such as the hearsay rule. A third would approve admission of other-crimes evidence under the exceptions, but once admitted, would allow the evidence to be considered for any relevant matter, including propensity. Because this statutory language is subject to more than one reasonable interpretation, it is ambiguous. See *Holloway*, 177 Ill. 2d at 8.

We turn to legislative history as an aid in interpreting this ambiguous provision. See *Whitney*, 188 Ill. 2d at 97-98. Both parties quote statements from the legislative debates to justify their interpretations of section 115—7.3. We acknowledge that certain portions of the debates support both positions, but we conclude that the legislative history more strongly favors the State's interpretation. See *Illinois-Indiana Cable Television Ass'n v. Illinois Commerce Comm'n*, 55 Ill. 2d 205, 219 (1973); *Dennis v. Old Republic Insurance Co.*, 218 Ill. App. 3d 637, 644 (1991).

Senator Radogno, the initial sponsor of Senate Bill 5, which included section 115—7.3, stated:

> "[The bill] would allow the introduction of evidence of prior sex crimes into a trial of any of the sex offenses which are enumerated in the bill. It allows the court to determine exactly what evidence is admissible. This legislation, which is unique to sex offenders, recognizes the propensity of sex offenders to repeat their crimes, and it allows the court to use this evidence in order to help protect society. It's patterned after the federal rules of evidence." 90th Ill. Gen. Assem., Senate Proceedings, March 19, 1997, at 56-57 (statements of Senator Radogno).

Several portions of this statement are instructive. First, Senator Radogno emphasized that this legislation is unique to sex offenders, which undercuts defendant's argument that the statute merely codifies the common law. Instead, this supports the interpretation that section

115—7.3 implemented a change to the common law rule specifically in sex offense cases. Senator Radogno also explained that courts can use other-crimes evidence to protect society against sex offenders who have a propensity to repeat their crimes. This acknowledgment of recidivism by sex offenders explains why the legislature chose to change the common law rule in this narrow class of crimes. The problems to be remedied by legislation is a factor the court should consider in determining legislative intent. *Haywood*, 118 Ill. 2d at 271. This is not the first time the legislature acknowledged and responded to increases in sexual assault and sexual abuse cases through legislation. *People v. Adams*, 144 Ill. 2d 381, 387 (1991) (discussing legislative history when evaluating the constitutionality of the Sex Offender Registration Act (Ill. Rev. Stat. 1987, ch. 38, pars. 221 through 230, now codified at 730 ILCS 150/1 through 10 (West 2000))).

Second, Senator Radogno specified that the statute is patterned after the Federal Rules of Evidence. The Federal Rules of Evidence also generally prohibit admission of other-crimes evidence to demonstrate propensity and allow its admission to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). Effective July 10, 1995, Congress enacted Federal Rules of Evidence 413, "Evidence of Similar Crimes in Sexual Assault Cases," and 414, "Evidence of Similar Crimes in Child Molestation Cases." Fed. Rs. Evid. 413, 414. These rules have been interpreted by the federal courts to permit the introduction of other-crimes evidence to show defendant's propensity to commit sexual assault or child molestation. See, *e.g.*, *United States v. LeMay*, 260 F.3d 1018, 1028-29 (9th Cir. 2001); *United States v. McHorse*, 179 F.3d 889, 896 (10th Cir. 1999). Therefore, Senator Radogno was explaining that section 115—7.3 is modeled after Federal Evidence Rules 413 and 414, which allow

admission of other-crimes evidence to establish defendant's propensity to commit sex offenses.

Many commentators have criticized Federal Evidence Rules 413 and 414 because of the long-standing prohibition on admitting other-crimes evidence to show propensity. S. Scott, *Fairness to the Victim: Federal Rules of Evidence 413 and 414 Admit Propensity Evidence in Sexual Offender Trials*, 35 Hous. L. Rev. 1729, 1735 (1999). In addition, only four states have added a propensity exception in sexual offense cases by statute or court rule. Alaska R. Evid. 404(b); Ariz. R. Evid. 404(c); Cal. Evid. Code § 1108 (West 2002); Tex. Crim. Proc. Code Ann. § 38.37 (Vernon Supp. 2002) (when victim is a minor).

However, courts in 25 additional states have broadened the exceptions to the ban on other-crimes evidence in sexual offense cases. Some states allow admission of such evidence to show lustful disposition or tendency toward sexual predation. *State v. Rary*, 228 Ga. App. 414, 415, 491 S.E.2d 861, 863 (1997); *State v. Zeliadt*, 541 N.W.2d 558, 560 (Iowa App. 1995); *In re Care & Treatment of Hay*, 263 Kan. 822, 838, 953 P.2d 666, 678 (1998); *State v. Lagrange*, 702 So. 2d 1005, 1012-13 (La. App. 1997); *State v. Reeder*, 105 N.C. App. 343, 349, 413 S.E.2d 580, 583 (1992); *State v. Tobin*, 602 A.2d 528, 532 (R.I. 1992); *In re Young*, 122 Wash. 2d 1, 53, 857 P.2d 989, 1015 (1993). Other states limit this lustful disposition exception to cases involving the same victim (*Acuna v. State*, 332 Md. 65, 72, 629 A.2d 1233, 1236 (1993); *Commonwealth v. Barrett*, 418 Mass. 788, 794, 641 N.E.2d 1302, 1307 (1994); *Hicks v. State*, 441 So. 2d 1359, 1361 (Miss. 1983); *State v. Young*, 661 S.W.2d 637, 639 (Mo. App. 1983); *State v. Di Giosia*, 3 N.J. 413, 419-20, 70 A.2d 756, 759-60 (1950); *State v. Landers*, 115 N.M. 514, 518, 853 P.2d 1270, 1274 (App. 1992); *Hawkins v. State*, 782 P.2d 139, 141 (Okla. Crim. App. 1989); *State v. McKay*,

309 Or. 305, 308, 787 P.2d 479, 480 (1990); *Commonwealth v. Knowles*, 431 Pa. Super. 574, 578, 637 A.2d 331, 333 (1994)), to cases in which the victim is a minor (*Turner v. State*, 59 Ark. App. 249, 251, 956 S.W.2d 870, 871 (1997); *State v. Edward Charles L.*, 183 W. Va. 641, 649, 398 S.E.2d 123, 131 (1990)), or to incest cases (*Johnson v. State*, 288 Ark. 101, 103, 702 S.W.2d 2, 4 (1986); *State v. Beckwith*, 158 Me. 174, 177, 180 A.2d 605, 607 (1962); *Garza v. State*, 828 S.W.2d 432, 439 (Tex. Ct. App. 1992); *Moore v. Commonwealth*, 222 Va. 72, 77, 278 S.E.2d 822, 825 (1981)). Some states are otherwise more liberal in their admission of other-crimes evidence in sexual offense cases. *Ex Parte Register*, 680 So. 2d 225, 227 (Ala. 1994); *Thacker v. Commonwealth*, 816 S.W.2d 660, 662 (Ky. App. 1991); *State v. Stephens*, 237 Neb. 551, 556, 466 N.W.2d 781, 785 (1991); *State v. Davidson*, 236 Wis. 2d 537, 559-60, 613 N.W.2d 606, 617 (2000); *Gezzi v. State*, 780 P.2d 972, 974 (Wyo. 1989). This extensive case law demonstrates that jurisdictions across the country are recognizing the validity of admitting other-crimes evidence in sexual offense cases beyond the exceptions.

In light of its legislative history, we find that the legislature enacted section 115—7.3 to enable courts to admit evidence of other crimes to show defendant's propensity to commit sex offenses if the requirements of section 115—7.3 are met.

### B. Constitutionality of Section 115—7.3

Defendant challenges the constitutionality of the statute. Defendant contends that this provision violates the equal protection clauses of the federal and state constitutions and article I, sections 7 and 8, of the Illinois Constitution.

The court applies the same equal protection analysis under both the United States and Illinois Constitutions. *People v. Reed*, 148 Ill. 2d 1, 7 (1992). Generally, equal

protection requires the government to treat similarly situated people in a similar manner. *Reed*, 148 Ill. 2d at 7. In evaluating an equal protection challenge, we must first determine whether the statute implicates a substantial right or whether it discriminates against a suspect class. *People v. Adams*, 144 Ill. 2d 381, 391 (1991). Sexual offense defendants are not a suspect class. *United States v. Mound*, 149 F.3d 799, 801 (8th Cir. 1998).

Defendant concedes that no fundamental right is involved in this case. In addition, courts have held that admitting other-crimes evidence does not implicate the due process right to a fair trial where the evidence is relevant and its probative value is not outweighed by its prejudicial effect (see, *e.g., United States v. Castillo*, 140 F.3d 874, 883 (10th Cir. 1998) (analyzing Federal Rule of Evidence 414)); these two limitations are incorporated into section 115—7.3 (725 ILCS 5/115—7.3(b), (c) (West 2000)).

Statutes are presumed constitutional. *People v. Fuller*, 187 Ill. 2d 1, 10 (1999). The party challenging a statute's constitutionality carries the burden of establishing that the statute is unconstitutional. *Fuller*, 187 Ill. 2d at 10. If reasonably possible, we shall affirm the constitutionality of the statute. *Fuller*, 187 Ill. 2d at 10. Where no suspect class or fundamental right is involved, the court evaluates the statute using the rational basis test, under which we will uphold the statute if it has a rational relationship to a legitimate purpose and is neither arbitrary nor discriminatory. *Fuller*, 187 Ill. 2d at 15-16.

The federal equal protection clause is not violated by Federal Evidence Rules 413 and 414, which allow the admission of evidence of other sexual assault or child molestation crimes to show propensity. In *United States v. Mound*, the Eighth Circuit Court of Appeals concluded that Rule 413 passes the rational basis test because it serves the legitimate purpose of promoting effective

prosecution of sex offenses. *Mound*, 149 F.3d at 801. In *United States v. Castillo*, the Tenth Circuit Court of Appeals found that Rule 414 passes the rational basis test because it responds to the greater need for corroborating evidence in cases involving sexual abuse of children given the fact that these cases often involve only the conflicting testimony of the defendant and the victim about crimes usually committed in secret. *Castillo*, 140 F.3d at 803.

Like Federal Rules of Evidence 413 and 414, section 115—7.3 allows the admission of other-crimes evidence to show propensity if the evidence is relevant and passes the prejudice/probative test. Under *Mound* and *Castillo*, we find that section 115—7.3 does not violate the federal equal protection clause. We agree that this provision passes the rational basis test because it also promotes effective prosecution of sex offenses and strengthens evidence in sexual abuse cases. Because we apply the same equal protection analysis under both the federal and state constitutions (*Reed*, 148 Ill. 2d at 7), we also find that section 115—7.3 does not violate our state equal protection clause.

Defendant next argues that section 115—7.3 violates article I, sections 7 and 8, of the Illinois Constitution. Section 7 states in pertinent part: "No person shall be held to answer for a criminal offense unless on indictment of a grand jury ***." Ill. Const. 1970, art. I, § 7. Section 8 states: "In criminal prosecutions, the accused shall have the right *** to demand the nature and cause of the accusation ***." Ill. Const. 1970, art. I, § 8.

Defendant submits that the Missouri Supreme Court invalidated a statutory provision that permitted admission of other-crimes evidence to show propensity under similar state constitutional provisions. In *State v. Burns*, 978 S.W.2d 759 (Mo. 1998), the Missouri Supreme Court invalidated its statute because admission of other-crimes

evidence in this manner violates defendant's right to be tried only for the charged offense guaranteed by article 1, sections 17 and 18(a), of the Missouri Constitution. *Burns*, 978 S.W.2d at 760.

Section 17 of the Missouri Constitution states in relevant part: "[N]o person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information." Mo. Const., art. 1, § 17. Defendant compares section 17 to section 7 of the Illinois Constitution. Section 18(a) of the Missouri Constitution states, in part: "[I]n criminal prosecutions the accused shall have the right *** to demand the nature and cause of the accusation." Mo. Const., art. 1, § 18(a). Defendant compares this provision to section 8 of article I of the Illinois Constitution.

Defendant is correct in noting that the two constitutional provisions relied upon in *Burns* are very similar to two provisions of the Illinois Constitution. However, two important differences must be emphasized: first, the Missouri statute lacks limitations and protections incorporated in the Illinois statute; and second, other-crimes evidence rules have different historical origins in Missouri and Illinois.

The Missouri statute invalidated in *Burns* stated:

> "In prosecutions under chapter 566 [sex offenses] or 568 [offenses against the family] involving a victim under fourteen years of age, whether or not age is an element of the crime for which the defendant is on trial, evidence that the defendant has committed other charged or uncharged crimes involving victims under fourteen years of age *shall* be admissible for the purpose of showing the propensity of the defendant to commit the crime or crimes with which he is charged, provided that such evidence involves acts that occurred within ten years before or after the act or acts for which the defendant is being tried." (Emphasis added.) Mo. Rev. Stat. § 566.025 (1994).

The Missouri Supreme Court criticized the statute because it lacked a requirement that other-crimes

evidence be relevant to the present case and because its use of the word "shall" reveals that admission of such evidence is mandatory. *Burns*, 978 S.W.2d at 761. Neither concern is present in the Illinois statute. Section 115—7.3 specifies that other-crimes evidence "may be considered for its bearing on any matter to which it is relevant." 725 ILCS 5/115—7.3(b) (West 2000). In addition, such evidence "may" be admissible after the court considers whether its probative value outweighs its prejudicial effect. 725 ILCS 5/115—7.3(b), (c) (West 2000).

The Missouri Supreme Court explained that Missouri common law rules prohibiting the admission of other-crimes evidence to show propensity could be traced to article 2, sections 12 and 22, of the Missouri Constitution of 1875, which are the predecessor sections to current article 1, sections 17 and 18(a). Although more contemporary cases do not refer to other-crimes evidence rules as being rooted in the state constitution, citation by earlier cases to these predecessor sections demonstrates that in Missouri these rules are constitutional rather than evidentiary in nature. *Burns*, 978 S.W.2d at 760, 762. In contrast, we found no Illinois case that connects other-crimes evidence rules to article I, sections 7 or 8, or to any part of our state constitutions of 1970 or 1870. Instead, this court has cited either to other case law or to secondary sources. See, *e.g.*, *Illgen*, 145 Ill. 2d at 364-65; *People v. Jennings*, 252 Ill. 534, 543-44 (1911). Without any evidence that Illinois common law regarding other-crimes evidence is linked to article I, section 7 or 8, of the Illinois Constitution, we decline to find that section 115—7.3 violates our state constitution. In sum, none of the three reasons the Missouri Supreme Court found supported invalidating its statute are present here; therefore, we conclude *Burns* is distinguishable.

We find more instructive evaluation of this issue in California. The comparable California statute provides:

"(a) In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101 [general bar of admission of other crimes evidence with traditional exceptions], if the evidence is not inadmissible pursuant to Section 352 [balance probative versus prejudicial nature].

(b) In an action in which evidence is to be offered under this section, the people shall disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered[, at least 30 days before the scheduled date of trial or at such later time as the court may allow for good cause].

(c) This section shall not be construed to limit the admission or consideration of evidence under any other section of this code." Cal. Evid. Code § 1108 (West 2002).

Although the precise language of the California provision is different, it is substantively similar to section 115—7.3. Both provisions: require the court to weigh prejudice versus probative value (725 ILCS 5/115—7.3(c) (West 2000); Cal. Evid. Code § 1108(a) (West 2002)); require the court to determine whether the evidence is relevant (725 ILCS 5/115—7.3(b) (West 2000); Cal. Evid. Code § 1108(c) (West 2002)); do not make admission of such evidence mandatory (725 ILCS 5/115—7.3(b) (West 2000); Cal. Evid. Code § 1108(a) (West 2002)); require notice to the other party (725 ILCS 5/115—7.3(d) (West 2000); Cal. Evid. Code § 1108(b) (West 2002)); and note that other evidentiary rules are still in force (725 ILCS 5/115—7.3(b) (West 2000); Cal. Evid. Code § 1108(c) (West 2002)).

The California Supreme Court found that section 1108 does not violate due process because the court must exclude other-crimes evidence if its prejudicial effect outweighs its probative value. The court cited approvingly a California appellate case (*People v. Fitch*, 55 Cal. App. 4th 172, 184, 63 Cal. Rptr. 753, 760-61 (1997)) that

rejected an equal protection challenge to section 1108 because it passes the rational basis test given the serious nature of sex offenses, which are often credibility contests. The California Supreme Court distinguished *Burns* because the Missouri statute did not give Missouri courts the ability to exclude other-crimes evidence that was too prejudicial. The court found section 1108 constitutional. *People v. Falsetta*, 21 Cal. 4th 903, 913-15, 917, 919, 986 P.2d 182, 187-91, 190, 191, 89 Cal. Rptr. 2d 847, 853-54, 856, 857 (1999).

Section 115—7.3 is more similar to the California statute than the Missouri statute. We find that section 115—7.3 is constitutional.

## C. Whether Admission of Other-Crimes Evidence Was an Abuse of Discretion

Although we have found section 115—7.3 constitutional, we must still evaluate whether the trial court erred in admitting other-crimes evidence under the facts of this case. We will not reverse the trial court's decision to admit other-crimes evidence unless we find that the court abused its discretion. *People v. Heard*, 187 Ill. 2d 36, 58 (1999). We will find an abuse of discretion if the trial court's evaluation is " 'arbitrary, fanciful or unreasonable' " or " 'where no reasonable man would take the view adopted by the trial court.' " *People v. M.D.*, 101 Ill. 2d 73, 90 (1984) (Simon, J., dissenting), quoting *Peek v. United States*, 321 F.2d 934, 942 (9th Cir. 1963).

Defendant was charged with criminal sexual assault and aggravated criminal sexual abuse, which are both listed as offenses to which section 115—7.3 applies. 725 ILCS 5/115—7.3(a) (West 1998). In addition, defendant pled guilty in 1983 to indecent liberties with a child, which is a prior offense about which evidence is potentially admissible under this section. 725 ILCS 5/115—7.3(a)(3), (b) (West 1998).

At the heart of this issue, then, is whether the trial

court abused its discretion by admitting the evidence because its prejudicial effect substantially outweighed its probative value. Section 115—7.3 specifies what factors should be weighed when considering whether its prejudicial effect of admitting other-crimes evidence substantially outweighs its probative value:

"(1) the proximity in time to the charged or predicate offense;

(2) the degree of factual similarity to the charged or predicate offense; or

(3) other relevant facts and circumstances." 725 ILCS 5/115—7.3(c) (West 1998).

In *People v. Montgomery*, 47 Ill. 2d 510 (1971), we adopted into Illinois law proposed Federal Evidence Rule 609 regarding impeachment by evidence of conviction of a crime. *Montgomery*, 47 Ill. 2d at 519. Proposed Rule 609(b) barred admission of prior convictions for impeachment purposes if more than 10 years has elapsed since the prior conviction. *Montgomery*, 47 Ill. 2d at 516. However, the federal rules addressing admission of other-crimes evidence for purposes other than impeachment do not contain this 10-year time limitation. Fed. R. Evid. 404(b) (traditional rule about other-crimes evidence); Fed. R. Evid. 413 (other-crimes evidence to show propensity in sexual assault cases); Fed. R. Evid. 414 (other-crimes evidence to show propensity in child molestation cases); see also *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989) (refusing to apply a 10-year limit to Rule 404(b)).

Similarly, when evaluating the admission of other-crimes evidence under the traditional rule, we noted: "admissibility of other-crimes evidence should not, and indeed cannot, be controlled solely by the number of years that have elapsed between the prior offense and the crime charged." *Illgen*, 145 Ill. 2d at 370. Instead, courts should evaluate this issue on a case-by-case basis. *Illgen*, 145 Ill. 2d at 370. Therefore, we decline to adopt a

bright-line rule about when prior convictions are *per se* too old to be admitted under section 115—7.3. Instead, it is a factor to consider when evaluating its probative value.

According to the bill of indictment, the acts for which defendant is charged took place over a period of time, specifically November 1, 1995, to November 29, 1998. Defendant's guilty plea for indecent liberties with a child was accepted by the trial court on August 19, 1983. Therefore, this other crime occurred 12 to 15 years prior to the conduct at issue in this case.

The appellate court has affirmed admission of other-crimes evidence over 20 years old under the exceptions because the court found it to be sufficiently credible and probative. *People v. Davis*, 260 Ill. App. 3d 176, 192 (1994). Federal courts also have upheld admission of other-crimes evidence with similar lapses of time. See, *e.g.*, *United States v. Chavez*, 119 F.3d 342, 346-47 (5th Cir. 1997) (same type of crime where other evidence of guilt is not strong, admitted although 15 years prior); *Ross*, 886 F.2d at 267 (similar offenses, so no error or harmless error to admit though 13 years had elapsed). Therefore, while the passage of 12 to 15 years since the prior offense may lessen its probative value, standing alone it is insufficient to compel a finding that the trial court abused its discretion by admitting evidence about it.

Second, to be admissible, other-crimes evidence must have "some threshold similarity to the crime charged." *People v. Bartall*, 98 Ill. 2d 294, 310 (1983). As factual similarities increase, so does the relevance, or probative value, of the other-crimes evidence. *Bartall*, 98 Ill. 2d at 310. Where such evidence is not being offered under the *modus operandi* exception, "mere general areas of similarity will suffice" to support admissibility. *Illgen*, 145 Ill. 2d at 372-73.

There certainly are similarities between the facts of the 1983 conviction and the present case. Both incidents involve children in the same age range, between 7 and 11 years old. Both incidents reflect inclusion of children of both genders. Both incidents involve defendant inserting his finger in the girl's vagina. Both incidents include defendant forcing both the boy and the girl to touch defendant's penis.

The appellate court found that the trial court abused its discretion in admitting evidence about the 1983 crime because of the "significant time lapse" and factual differences, including: in 1983 defendant had no relationship to the children, and here he was their stepfather; in 1983 there was a single incident, and here there were several incidents over the course of three years; in 1983 the incident involved a boy and girl at the same time, and here the conduct occurred with each child separately; and in 1983 he told the children they were playing a game, and here he threatened to ground the children if they told anyone. 326 Ill. App. 3d at 410-11.

The existence of some differences between the prior offense and the current charge does not defeat admissibility because no two independent crimes are identical. *Illgen*, 145 Ill. 2d at 373. In addition, we are not convinced that these differences are significant. In 1983, defendant was 18, single, and childless. He was only able to arrange time alone with T.Q. and M.Q. under the pretext of driving them to church. The abuse in 1983 was a single incident with the children together because these were the circumstances under which he could arrange to be alone with them. Because he had no relationship to these children, he had no authority to threaten to ground them if they told anyone what had happened. In contrast, because he was K.B. and D.B.'s stepfather, defendant had the opportunity and the control to repeatedly abuse them individually and to pressure them into

silence. In sum, all of these differences are a product of defendant's access to the victims. Again, we find more compelling the similarity of the nature of the abuse itself because it was a product of the defendant's choice.

In *People v. Illgen*, we evaluated whether admission of other-crimes evidence was an abuse of discretion by the trial court. "[R]easonable minds [can] differ" about whether such evidence is admissible without requiring reversal under the abuse of discretion standard. The reviewing court owes some deference to the trial court's ability to evaluate the impact of the evidence on the jury. *Illgen*, 145 Ill. 2d at 375-76.

Here, we find that the trial court's evaluation was not so " 'arbitrary, fanciful or unreasonable' " (*M.D.*, 101 Ill. 2d at 90 (Simon, J., dissenting), quoting *Peek*, 321 F.2d at 942) as to constitute an abuse of discretion. Although 12 to 15 years elapsed, there were substantial factual similarities about the nature of the abuse sufficient to justify admission of the other-crimes evidence. In addition, we note that the trial court reduced the potential prejudicial effect of the evidence by refusing to allow the State to quote the 1983 statement or to publish the detailed two-page document to the jury. Therefore, we find that the appellate court erred by holding that because such evidence was admitted, defendant's convictions must be vacated and the matter remanded for a new trial. Nonetheless, we urge trial judges to be cautious in considering the admissibility of other-crimes evidence to show propensity by engaging in a meaningful assessment of the probative value versus the prejudicial impact of the evidence.

II. Sentence Enhancement Under Section 12—13(b)(4)

At the sentencing hearing, defense counsel conceded that sentence enhancement applies to defendant, and the defense did not challenge the enhancement in its posttrial motion to reconsider the sentence. Sentencing is-

sues must be raised in the trial court to preserve them for appellate review. *People v. Reed*, 177 Ill. 2d 389, 393 (1997). The appellate court nonetheless addressed this issue under the plain error rule. 326 Ill. App. 3d at 412-13. The plain error doctrine allows a reviewing court to address defects affecting substantial rights if the evidence is closely balanced or if fundamental fairness so requires rather than finding the claims waived. *People v. Macri*, 185 Ill. 2d 1, 58 (1998); 134 Ill. 2d R. 615(a). The appellate court is in apparent conflict over whether to evaluate the issue of sentence enhancement under section 12—13(b)(4) of the Criminal Code (720 ILCS 5/12—13(b)(4) (West 2000)) according to the elements of or the classification of the convictions. *People v. Gapski*, 283 Ill. App. 3d 937, 945-46 (1996); *People v. Juris*, 189 Ill. App. 3d 934, 935 (1989). The application of these two approaches leads to different results in this case. Therefore, we will address the merits of this issue.

The State argues that the appellate court erred in finding that the trial court improperly enhanced defendant's criminal sexual assault conviction (720 ILCS 5/12—13(a)(3) (West 1998)) from a Class 1 to a Class X felony pursuant to section 12—13(b)(4), which states:

> "A second or subsequent conviction for a violation of paragraph (a)(3) or (a)(4) or under any similar statute of this State or any other state for *any offense* involving criminal sexual assault that is *substantially equivalent to or more serious than* the sexual assault prohibited under paragraph (a)(3) or (a)(4) is a Class X felony." (Emphases added.) 720 ILCS 5/12—13(b)(4) (West 1998).

Indecent liberties with a child and criminal sexual assault were both Class 1 felonies at the times of defendant's convictions. However, the appellate court concluded that indecent liberties with a child under section 12—13(a)(3) was a lesser offense than criminal sexual assault because the element of penetration need only be proved for the latter offense. As a result, the 1983 convic-

tion was not for a crime "substantially equivalent to or more serious than" than criminal sexual assault to warrant sentence enhancement. 326 Ill. App. 3d at 413.

Again, the cardinal rule of statutory construction is to give effect to the intent of the legislature. *Paris*, 179 Ill. 2d at 177. A statute is ambiguous if it can be reasonably interpreted in two or more ways. *Holloway*, 177 Ill. 2d at 8. We review *de novo* matters of statutory construction. *Paris*, 179 Ill. 2d at 177-78.

The sentence enhancement language requiring the prior crime to be "substantially equivalent to or more serious than" the present crime is found in the statutes describing the crimes of criminal sexual assault, at issue in this case, and of criminal sexual abuse. 720 ILCS 5/12—13(b)(4), 12—15(d) (West 2000). However, this language has only been interpreted and applied by two appellate cases, both in reference to section 12—13(b).

In *People v. Gapski*, the defendant was charged with criminal sexual assault, and he had a prior conviction for second degree sexual assault from Wisconsin. *Gapski*, 283 Ill. App. 3d at 945. The court examined the facts of the Wisconsin crime and concluded it would constitute aggravated criminal sexual abuse in Illinois, a Class 2 felony. *Gapski*, 283 Ill. App. 3d at 945-46. Therefore, the prior crime was inferior to criminal sexual assault, a Class 1 felony, so that sentence enhancement was improper. *Gapski*, 283 Ill. App. 3d at 946.

In *People v. Juris*, the defendant was charged with criminal sexual assault in 1988; he had been convicted in 1979 of attempted rape, also a Class 1 felony. *Juris*, 189 Ill. App. 3d at 935. Section 12—13(b) provides for enhancement "for any *offense* involving criminal sexual assault." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 38, par. 12—13(b). The court reasoned that section 12—13(b) required the court to compare the elements of rather than the classifications of the crimes. *Juris*, 189 Ill. App.

3d at 935. Because attempted rape did not require penetration, it was inferior to criminal sexual assault and enhancement was inappropriate. *Juris*, 189 Ill. App. 3d at 935.

We acknowledge that comparing the classifications and the elements were both reasonable interpretations of section 12—13(b). Therefore, this provision is ambiguous, and we will consider other interpretive aids. *Whitney*, 188 Ill. 2d at 97-98.

The legislative history is very brief but instructive. Senator Degnan explained that this section provides that "any person who has been previously convicted of a criminal sexual assault, aggravated criminal sexual assault or rape and is subsequently convicted of criminal sexual assault is guilty of a Class X felony." 85th Ill. Gen. Assem., Senate Proceedings, June 25, 1987, at 267. This comment shows that the legislature had only these three crimes in mind for the sentence enhancement scheme of section 12—13(b).

In 1983, the General Assembly reorganized sex offenses by passing the Criminal Sexual Assault Act, which created the offenses of criminal sexual assault and aggravated criminal sexual assault. *In re Detention of Lieberman*, 201 Ill. 2d 300, 313-14 (2002). At the same time, the General Assembly repealed several sex offenses, including rape, which were superceded by the crimes created by the Act. We concluded that one purpose of these legislative actions was to create "gradations" of what was formerly encompassed by the single crime of rape. *Lieberman*, 201 Ill. 2d at 317. We found that the crimes of criminal sexual assault and aggravated criminal sexual assault were intended to "subsume" the offense of rape. *Lieberman*, 201 Ill. 2d at 313-14. In other words, rape is the sole offense under the old configuration of sex crimes that is substantially equivalent to criminal sexual assault and aggravated criminal sexual assault.

In reaching this conclusion, we compared their elements, specifically that all three share the element of penetration, rather than their classifications. *Lieberman*, 201 Ill. 2d at 315-16. In the present case, defendant was convicted of indecent liberties with a child, which was described as: "Any lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the person or both." Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)(3). This offense did not require proof of the element of penetration. Therefore, indecent liberties with a child is not "substantially equivalent to or more serious than" criminal sexual assault.

In light of the legislative history for section 12—13(b)(4) and our analysis in *Lieberman*, we find that a criminal sexual assault conviction will be enhanced to a Class X felony for sentencing under section 12—13(b)(4) only if the defendant's prior conviction from an Illinois jurisdiction was for criminal sexual assault, aggravated criminal sexual assault, or rape, given the similarity of their elements. Therefore, the appellate court properly found that the trial court erred in enhancing defendant's sentence based on his conviction for indecent liberties with a child.

## CONCLUSION

We find that section 115—7.3 constitutionally enables trial courts to allow the admission of evidence of other crimes to establish the propensity of defendant to commit the charged crime if the requirements of the section are met. We also conclude that the trial court did not abuse its discretion admitting other-crimes evidence in this case. Finally, we find that the trial court erroneously enhanced defendant's sentence for criminal sexual as-

sault to a Class X felony; we remand the matter to the trial court for resentencing.

*Appellate court judgment affirmed in part*
*and reversed in part;*
*circuit court judgment affirmed in part*
*and reversed in part;*
*cause remanded.*